**JS-6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**COMMODITY FUTURES TRADING COMMISSION,**

Plaintiff,

v.

**JIN CHOI, ET AL.,**

Defendants.

Case No. CV 18-3991 DMG (AFMx)

**JUDGMENT**

The Court having granted Plaintiff's motion for default judgment [Doc. # 27] on March 5, 2018,

IT IS ORDERED, ADJUDGED AND DECREED that

1. Judgment shall be entered in favor of Plaintiff U.S. Commodity Futures Trading Commission and against Defendants Jin Choi, Apuro Holdings, Ltd. (d/b/a ApuroFX), and JCI Holdings USA (d/b/a JCI Trading Group, LLC) (collectively, "Defendants").

2. Defendants are permanently restrained from:

a. engaging in conduct that violates 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(aa), (bb), 6b(a)(2)(A), (C), 6k(3), 6m(1), 6*o*(1)(A), (B) (2012), and 17 C.F.R. §§ 5.3(a)(3)(i), 5.3(a)(3)(ii) (2018);

b. trading on or subject to the rules of any registered entity (as that term is defined in 7 U.S.C. § la(40) (2012));

c. entering into any transaction involving "commodity interests" (as that term is defined in 17 C.F.R. § 1.3(yy) (2018)) for their own personal account or for any account in which they have a direct or indirect interest;

d. having any commodity interests traded on their behalf;

e. controlling or directing trading on or behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

f. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

g. applying for registration or claiming exemption from registration with the CFTC[1] in any capacity, and engaging in any activity requiring registration or exemption from registration with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9) (2018);

h. acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a) (2018)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered

[1] "CFTC" or "Commission" refers to the U.S. Commodity Futures Trading Commission.

with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9) (2018); and

i. engaging in any business activities related to commodity interests.

3. Defendants are ordered to pay, on a joint and several basis, restitution in the amount of $1,121,672 (one million one hundred twenty-one thousand six hundred seventy-two dollars), plus post-judgment interest thereon (the "Restitution Obligation"). Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined pursuant to 28 U.S.C. § 1961 (2012).

a. The Court appoints the National Futures Association ("NFA") as Monitor to distribute payments made against the Restitution Obligation to Defendants' clients. The Monitor shall collect restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

b. Defendants shall make Restitution Obligation payments under this Order to the Monitor in the name "Jin Choi Restitution Fund" and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, accompanied by a cover letter identifying Defendants and the name and docket number of this proceeding.

Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity 21 Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

c. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' clients identified by the CFTC, or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible clients is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the CFTC pursuant to the instructions for civil monetary penalty payments set forth below.

d. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' clients to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they hold in any repository, bank, investment, or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

e. The Monitor shall provide the CFTC at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' clients during the previous year. The Monitor shall transmit this report accompanied by a cover letter identifying the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

f. The amounts payable to each client shall not limit the ability of any client to prove that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any client that exist under state or common law.

g. Pursuant to Federal Rule of Civil Procedure 71, each client of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce this Order to obtain satisfaction of any portion of the Restitution Obligation that has not been paid by Defendants, to ensure continued compliance with any provision of this Order, and to hold Defendants in contempt for any violations of any provision of this Order.

h. To the extent that any funds accrue to the U.S. Treasury for satisfaction of the Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

4. Defendants are ordered to pay, on a joint and several basis, a civil monetary penalty in the amount of $1,121,672 (one million one hundred twenty-one thousand six hundred seventy-two dollars), plus post-judgment interest thereon ("CMP Obligation"). Post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined pursuant to 28 U.S.C. § 1961 (2012).

   a. Defendants shall pay the CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

      MMAC/ESC/AMK326
      Commodity Futures Trading Commission
      Division of Enforcement
      6500 S. MacArthur Blvd.
      Oklahoma City, OK 73169
      (405) 954-6569 Office
      (405) 954-1620 Fax
      9-AMC-AR-CFTC@faa.gov

   b. If payment by electronic funds transfer is chosen, Defendants shall contact Marie Throne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter identifying Defendant and the name and docket number of this proceeding. Defendants shall

simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581.

DATED: March 5, 2019

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE